D. POOL, Respondent, v. W. P. WILKINSON, Appellant.

In the Springfield Court of Appeals, January 7, 1924.

1. **CHATTEL MORTGAGES: Whether Original Mortgage Extinguished Held Question for Jury.** It is a question of fact for the jury to determine whether the acceptance, by a mortgagee holding a note secured by a chattel mortgage, of a second note of a third party, secured by a chattel mortgage on the same property, is accepted as payment and extinguishment of the original note and mortgage, or merely as additional security for the original to be held until the debt secured by the original chattel mortgage is paid.

2. **APPELLATE PRACTICE: Jury's Finding on Substantial Evidence Binding on Appellate Court.** The finding of a jury on an issue of fact, there being substantial evidence to support it, is binding on the appellate court.

3. **CHATTEL MORTGAGES: Damages for Detention Held Excessive.** In replevin for furniture claimed under a chattel mortgage, an allowance of $50 damages for detention *held* excessive, where the testimony warranted only nominal damages.

Appeal from the Circuit Court of Mississippi County.—
*Hon. Frank Kelly,* Judge.

AFFIRMED (*on condition*).

*Russell & Joslyn* for appellant.

*J. C. McDowell* and *J. H. Chunn* for respondent.

FARRINGTON, J.—This is an action in replevin. The cause was tried by a jury and a verdict returned for plaintiff, finding that he was entitled to possession of the property and that his interest therein amounted to $216.31, and allowed him damages for the sum of $50 for detention. The defendant is the deputy sheriff of Mississippi County who had levied upon the property involved in this suit under a general execution issued out of the circuit clerk's office of Mississippi County, Missouri, in a case wherein the Farmers' Bank of East Prairie was plaintiff and Frank Thompson and others were defendants.

Appellant's assignment of errors goes to three propositions. First, that his demurrer to the evidence should have been sustained. Second, that it was error to permit plaintiff to show by parol testimony what the agreement was between the parties with reference to the mortgage and notes involved. Third, that there was no evidence to support any damages on account of detention of the property.

The facts of the case are as follows: Respondent has made a statement of the case, which we think is fair and which we will adopt. It is as follows:

"J. W. Thompkins, who lived in the city of East Prairie, Mississippi County, Missouri, operated a restaurant and cafe and was the owner of the property sued for in plaintiff's petition; on the 16th day of February, 1922, he executed a promissory note to D. Pool, respondent, in the sum of $200, due six months after date with eight per cent interest from date, per annum, and to secure the payment of this note he gave to respondent a chattel mortgage on the property in question of even date with the note, which mortgage was recorded on the 21st day of September, 1922. J. W. Thompkins conveyed the property in question to his wife, Mrs. J. W. Thompkins, in a property settlement between them, subject to the note and mortgage, given by him to respondent some twenty or thirty days prior to the attempted foreclosure herein mentioned. Default in the payment of the note

given by J. W. Thompkins was made and respondent ordered his attorney, J. H. Chunn, to collect the note by foreclosure and sell off his property in question. J. H. Chunn advertised the property in question according to the terms of the mortgage to sell on the 12th day of October, 1922, in East Prairie, Missouri. Under the terms of the mortgage the property was to sell for cash to the highest bidder. At the sale Frank Thompson bid $400 and was the highest bidder and his bid was accepted.

After the sale Frank Thompson informed J. H. Chunn that he could not pay for the property. Prior to this sale Frank Thompson purchased from Mrs. J. W. Thompkins the property sued for, in question, subject to respondent's note and had assumed and agreed to pay respondent's note secured by the deed of trust on the property in question.

J. H. Chunn informed Thompson that he would not resell this property under the mortgage but would wait until respondent came home and see what disposition he wanted to make of the property. When respondent came home he, in the presence of Mr. Chunn, agreed to withhold the re-sale of the property under his mortgage from J. W. Thompkins if Frank Thompson would execute to him as additional security a mortgage and note for $210, which he did, and it was agreed between him and Frank Thompson at the time that mortgage for $210 was given, which was some four days after the auction of the property in question, and in their agreement it was expressly understood between them that this agreement should in no wise affect the validity of respondent's mortgage given by J. W. Thompkins to him for $200, and that it was not an attempt to carry out the terms of the foreclosure sale made by J. H. Chunn, but was a special and distinct agreement between respondent and Frank Thompson, who was then the owner of the equity in said property given prior to the date purchased from Mrs. J. W. Thompkins, to extend time to

said Frank Thompson on the J. W. Thompkins note and mortgage.''

One additional fact that should be stated is that the evidence shows that the chattel mortgage which was given by Frank Thompson securing the note for $210 was mailed to the recorder of deeds to be filed, but miscarried in the mail and was never placed of record prior to the levy made by the defendant.

The facts of this case are on all fours with those quoted in the opinion in the case of Western Auction & Storage Co. v. Shore, et al., 179 S. W. 769, and the disposition of the case under the law as declared in that opinion appears to us to be correct. The only material difference in the case on the merits is that in that case the jury found for the defendant, and in this case the finding was for the plaintiff.

The law seems to be well settled that it is a question of fact for a jury to determine whether the acceptance, by a mortgagee holding a note secured by a chattel mortgage, of a second note of a third party, secured by a chattel mortgage on the same property, is accepted as payment and extinguishment of the original note and mortgage or merely as additional security for the original to be held until the debt secured by the original chattel mortgage is paid.

There is evidence in this case, introduced on the part of the plaintiff, that the second note and mortgage given by Frank Thompson was to be held by plaintiff merely as additional security for the payment of his original note and mortgage given by J. W. Thompkins. The jury having found in plaintiff's favor on this issue of fact, and there being substantial evidence to support it, is binding on this court.

Defendant's two instructions C and D were directory in their nature, ignoring this question of fact to be determined by the jury, and plaintiff's instructions follow the law as declared in Western Auction & Storage Co. v. Shore, et al., supra.

The assignments of error touching the demurrer to the evidence and the instructions, and the admissibility of testimony showing the intention of the parties are denied. We agree with appellant that the verdict is excessive in the allowance of $50 for detention. We find no testimony in the record upon which this or any other amount, other than nominal damages, could be found. The judgment is, therefore, affirmed on condition that the plaintiff will remit the sum of $50 within ten days after the handing down of this opinion, otherwise the judgment will be reversed and the cause remanded. *Cox, P. J.,* and *Bradley, J.,* concur.